IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JOEY N. BLYTHE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:17-cv-03012-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| HARRIS TEETER LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Harris Teeter LLC's ("Harris Teeter") submission of a bill of costs for $3,242.12. Plaintiff Joey N. Blythe ("Blythe") objects to the costs. For the reasons set forth below, the court overrules Blythe's objections and grants Harris Teeter $3,242.12 in costs.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) creates a presumption "that costs are awarded to the prevailing party." Keeshan v. Eau Claire Coop. Health Centers, Inc., 394 F. App'x 987, 997 (4th Cir. 2010). However, "while Rule 54(d)(1) intends the award of costs to the prevailing party as a matter of course, the district court is given discretion to deny the award." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). "To overcome the presumption [of awarding costs], a district court must justify its decision [to deny costs] by articulating some good reason for doing so." Id. The following factors may justify denying an award of costs: (1) the prevailing party's engagement in misconduct worthy of a penalty; (2) "the losing party's inability to pay"; (3) excessive claimed costs; (4) the limited value of the prevailing party's victory; and (5) "the closeness or difficulty of the

1

issues decided." Id.  A district court's decision to award or deny costs is reviewed for abuse of discretion.  Id.

Harris Teeter prevailed in this action, having judgment entered in its favor pursuant to the court's order granting Harris Teeter's motion for summary judgment. While Blythe does not dispute that Harris Teeter is the prevailing party, he argues that an award of costs to Harris Teeter should be denied based on several of the factors articulated in Cherry.  Blythe first argues that Harris Teeter should not be awarded costs because Blythe will have trouble paying the costs.  A court may deny costs when the losing party is "of such modest means that it would be unjust or inequitable to enforce Rule 54(d)(1) against her."  Cherry, 186 F.3d at 447.  Indeed, courts have denied costs when the losing party convincingly demonstrates its inability to pay.  See Jeter v. Allstate Ins. Co., 2017 WL 5593296, at *2 (D.S.C. Mar. 28, 2017) (denying prevailing party's bill of costs in part because the losing party was over sixty years old, ran a small business, was the sole provider for his family, and stated that paying the costs would be a substantial hardship);  Merritt v. Old Dominion Freight Line, Inc., 2009 WL 1362378, at *1 (W.D. Va. May 15, 2009) (finding that plaintiff did not have ability to pay costs because she has been unable to find a job after actively looking for one, had few assets, and had significant credit card debt).

Here, Blythe contends that he cannot pay Harris Teeter's costs because he has not worked since his employment with Harris Teeter was terminated, and because he has a diagnosed disability that limits his ability to work at full capacity.  However, Blythe indicated at his deposition that he would have no problem finding work and had two job opportunities at other grocery stores after his termination with Harris Teeter that he could

accept. And while Blythe may not be able to work at full capacity, he provides no reason as to why he cannot work in some part-time capacity. Moreover, Blythe testified at his deposition that "his wife makes great money" and that he has income from various investments. ECF No. 45 at 2 (citing Blythe Depo. 253:25–254:6). Therefore, based on Blythe's own testimony, the court is unconvinced that Blythe is "of such modest means that it would be unjust or inequitable" for him to pay costs. See Cherry, 186 F.3d at 447.

Blythe also argues that he brought the case in good faith. "Most circuits, including this one, have rejected the argument that an unsuccessful Title VII plaintiff's good faith in bringing the suit will likewise shield her from being taxed with her opponent's costs." Keeshan, 394 F. App'x at 998. Therefore, Blythe's representation that he brought his case in good faith does not weigh in favor of denying costs.

Blythe next argues that the value of Harris Teeter's victory is limited; however, the court disagrees. Blythe alleged that Harris Teeter discriminated against him based on his age and disability, and that Harris Teeter terminated him because of his worker's compensation claim, his disability, and his decision to take leave that he was entitled to under the Family Medical Leave Act. These are serious allegations. In addition, Blythe sought injunctive relief, civil damages, back wages plus interest, payments for lost benefits, reinstatement of benefits, and front pay, all of which would have cost Harris Teeter a substantial amount of money. Therefore, Harris Teeter's victory was not of limited value.

Finally, Blythe argues that this case was "very close." A case is "close and difficult" when it is "hotly contested at trial" or when the legal issues are not "clear cut." Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011). Blythe conceded

three of his five claims, clearly indicating that those claims were not "hotly contested." As for his remaining two claims, age discrimination and Americans with Disabilities Act ("ADA") retaliation, the legal issues were straightforward, as the law in these areas is clearly established. Moreover, the ultimate resolution of the case was not "very close." The magistrate judge conducted a thorough review of the evidence and still was unable to find <u>any</u> evidence to support Blythe's claims. As Harris Teeter explained, Blythe "mistakes the meticulous nature of the Magistrate Judge's analysis for difficulty deciding a close question, when in fact it was an arduous journey in search of a material fact—any material fact—that would justify denial of summary judgment." ECF No. 45 at 4. There is simply nothing to suggest that this case was close or difficult.

In sum, after considering the <u>Cherry</u> factors,[1] the court finds that Blythe's arguments do not overcome the presumption of awarding costs to the prevailing party. For the foregoing reasons the court **OVERRULES** Blythe's objections and **GRANTS** Harris Teeter $3,242.12 in costs

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**June 10, 2019
Charleston, South Carolina**

---

[1] Blythe does not argue that Harris Teeter engaged in misconduct or that Harris Teeter's costs are excessive.